1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROBERT THOM,

11            Plaintiff,                        No. CIV S-05-0872 LKK EFB P

12        vs.

13    M. PEREZ, Commissioner of the
      Board of Prison Hearings, et al.,

14

15            Defendants.                       FINDINGS AND RECOMMENDATIONS
      _____/

16            Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17    *See* 42 U.S.C. § 1983.  This action proceeds on the May 3, 2005, complaint in which plaintiff

18    claims that members of the California Board of Prison Hearings ("BPH"), formerly Board of

19    Prison Terms, and the Governor have violated his civil rights by repeatedly relying on the nature

20    of his commitment offense and crimes committed before that offense as a basis for finding him

21    not suitable for parole.  As relief, he seeks an order enjoining the reliance on these factors in

22    future parole suitability hearings.  Both defendants move to dismiss on the ground that plaintiff

23    fails to state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  Specifically, they argue that the

24    repeated reliance on the commitment offense and prior convictions in determining that plaintiff

25    is not suitable for parole fails to state a claim for relief.  For the reasons explained below, the

26    court finds that plaintiff alleges a cognizable claim against defendant M. Perez but not against

                                                    1

defendant Schwarzenegger.

I.      **Facts**[1]

On July 17, 1984, plaintiff was convicted of second degree murder with use of a firearm and was sentenced to 15 years to life in prison for murder, plus two years for the use of a firearm. *See* Cal. Pen. Code §§ 187, 12022.5.  Before this conviction, plaintiff was convicted of misdemeanor driving under the influence of alcohol in 1968, 1969, 1977 and 1983.

Plaintiff became eligible for parole July 4, 1990.  He has had ten parole suitability hearings, which occurred on the following dates:  April 11, 1990, May 13, 1992, September 6, 1994, November 28, 1995, October 22, 1997, October 23, 1998, March 3, 2000, October 4, 2001, February 20, 2003, and August 12, 2004.[2]  Even though plaintiff has a history of "exemplary" behavior, has never been charged with violating prison rules, has participated in prison 12-step recovery programs and has been sober for the entire duration of his imprisonment, at each hearing he was found not suitable for parole.  The Governor has not reversed any of these decisions.  The panels before which plaintiff has appeared for suitability hearings each have relied on the circumstances of plaintiff's commitment offense and his prior convictions to find plaintiff unsuitable for parole.  Plaintiff claims that this violates his right to due process under the Fourteenth Amendment.

The only relief plaintiff seeks is an order enjoining defendants from future reliance on the circumstances of plaintiff's commitment offense and his prior convictions in determining whether he is suitable for parole.

////

////

---

[1]  The court relies on the facts as plead in the complaint.

[2]  As discussed below, plaintiff's opposition brief contends that a BPH panel in 2005 found him suitable for parole.  It is not entirely clear, but it appears from plaintiff's opposition brief that the Office of the Governor reviewed and reversed that finding.  In any event, these additional facts are not alleged in the complaint.

**II.      Standard on Motion to Dismiss for Failure to State a Claim**

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle plaintiff to relief. *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. __, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).  "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

1   1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.

2   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

3        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure

5   its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

6   dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

7   809 F.2d 1446, 1448 (9th Cir. 1987).

8   **III.   Analysis**

9        Both defendants contend that California's procedures for determining parole suitability

10  provide adequate notice and opportunity to be heard and continued reliance on plaintiff's

11  commitment offense and prior convictions does not violate due process.

12       California prisoners have a federally protected liberty interest in release to parole.  *Sass*

13  *v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006);  *Biggs v. Terhune*,

14  334 F.3d 910, 916 (9th Cir. 2003).  Therefore, in addition to utilizing procedures adequate to

15  protect this interest, *Kentucky v. Department of Corrections*, 490 U.S. 452, 459 (1989), there

16  must be "some evidence" to support the decision to deny parole.  *See McQuillon v. Duncan*, 306

17  F.3d 895, 902 (9th Cir. 2002) (citing *Superintendent, Massachusetts Correctional Institution,*

18  *Walpole, v. Hill*, 427 U.S. 444, 454 (1985))(holding that the standard for revoking good time

19  credits as a disciplinary measure is that the decision must be supported by "some evidence").  To

20  determine whether this standard is met, the court must look to California's criteria for making

21  parole suitability determinations, and is bound by the California Supreme Court's interpretation

22  thereof.  *See Gurley v. Rhoden,* 421 U.S. 200, 208 (1975) ( "[A] State's highest court is the final

23  judicial arbiter of the meaning of state statutes.").

24       A California prisoner may be found unsuitable for release to parole only if there is

25  evidence that "the prisoner will pose an unreasonable risk of danger to society if released from

26  prison." Cal. Pen. Code § 3041(b); Cal. Code. Regs. tit. 15, § 2402(a).  A panel of the BPH

4

1   considers "circumstances tending to show unsuitability" and "circumstances tending to show

2   suitability," as set forth in Cal. Code Regs. tit. 15, § 2402(c)-(d), and must consider "all relevant,

3   reliable information available" including reliably documented criminal conduct pre-dating the

4   commitment offense. *Id.*, at § 2402(b) (2004).  The commitment offense may serve as the basis

5   for denying release if it is "particularly egregious," *In re Rosenkrantz*, 29 Cal. 4th 616, 682-83,

6   (2002), meaning the BPH can "point to factors beyond the minimum elements of the crime for

7   which the inmate was committed" that show the prisoner, at the time of the hearing, presents a

8   danger to society if released. *In re Dannenberg*, 34 Cal.4th 1061, 1071 (2005).  California's

9   regulatory scheme specifies various factors which would justify a finding of unsuitability,

10  including a finding that the prisoner committed it in "an especially heinous, atrocious or cruel

11  manner," there were multiple victims, the crime was dispassionate and calculated, the victim was

12  abused or defiled, the offense "was carried out in a manner which demonstrates an exceptionally

13  callous disregard for human suffering," or the motive was inexplicable or very trivial in relation

14  to the offense." *Id.*, at § 2402(c)(1)(A)-E).

15          Plaintiff does not challenge California's procedural mechanisms for determining

16  prisoners' suitability for parole.  He does not allege that he received inadequate notice, was not

17  permitted to make a statement, offer evidence or argue his suitability, or that the written findings

18  he received were in any way defective.  He alleges only that in spite of these adequate

19  protections, the parole authority repeatedly finds him not suitable based on circumstances he has

20  no ability to change: his commitment offense and his prior convictions.  Thus, the court does not

21  address defendants' argument that California's statutory and regulatory scheme governing parole

22  suitability hearings and determinations satisfies the Due Process Clause of the Fourteenth

23  Amendment.  Those procedures are undisputed.  Instead, the court turns directly to the heart of

24  the matter:  do plaintiff's allegations that the BPH's repeated reliance on the commitment

25  offense and prior convictions in determining that plaintiff is not suitable for parole state a claim

26  for relief?

The Ninth Circuit Court of Appeals has noted that reliance on the commitment offense and prior convictions does not necessarily violate due process. *Irons v. Carey*, ___ F.3d ___, 2007 WL 2027359, *5 (9th Cir. 2007); *see also Sass v. California Board of Prison Terms*, 461 F.3d at 1129; *Biggs v. Terhune*, 334 F.3d 910, 916-917 (9th Cir. 2003). The Panel in *Irons* points to the decision in *Dannenberg* as articulating a sufficient nexus between the commitment offense and current dangerousness to justify a finding of unsuitability. *Irons*, ___ F.3d at ___, 2007 WL 2027359, *4. In *Dannenberg*, the BPH found that the prisoner posed a present danger to society because his second degree murder involved striking "multiple blows to his wife's head with a pipe wrench and then push[ing] her into a tub of water in which she drowned." *Dannenberg*, 34 Cal.4th at 1095. In *Irons*, the Ninth Circuit found that the commitment offense alone satisfied the "some evidence" standard because the BPH articulated a basis for finding that he carried out his offense in an especially cruel and callous manner that demonstrated a callous disregard for human life, and the motive for the offense was trivial in relation to the offense. *Irons*, ___ F.3d at ___, 2007 WL 2027359, *1, 4. The court did note, however, that in each of the cases in which it had affirmed the reliance on the commitment offense to find a prisoner not suitable for parole despite an abundance of evidence demonstrating rehabilitation, not one of the prisoners had served the minimum term to which he was sentenced. *Id.*, at *6. Moreover, the Circuit has expressed the concern in *Biggs*, restated in *Sass*, and again reiterated in *Irons*, that "continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Irons*, 2007 WL 20227359, at *5 (quoting *Biggs*, 334 F.3d at 916-17).

Here, plaintiff alleges that he was eligible for parole on July 4, 1990, and has been in prison for second degree murder since 1984, approximately eight years beyond the 15-year minimum sentenced the judge imposed. He also alleges that he has satisfied the rehabilitative goals set for him by not incurring any disciplinary charges, exhibiting "exemplary" behavior and

1   by successfully participating in substance abuse recovery programs.  With respect to defendant

2   M. Perez, plaintiff alleges that panels of the BPH have relied on the circumstances of his

3   commitment offense and on his prior convictions to find him unsuitable for parole.  If plaintiff

4   had not yet served the minimum sentence his complaint would necessarily fail under *Sass* and

5   *Irons*.  But his claim is also predicated on having served eight years beyond the minimum period,

6   and his allegations of exemplary behavior and successful rehabilitation further distinguish his

7   claim.  The Ninth Circuit has strongly suggested that a complaint asserting these additional

8   circumstances would be adequate to at least state a claim for relief.  "Over time, however, should

9   Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a

10  parole date simply because of the nature of Biggs' offences and prior conduct would raise

11  serious questions involving his liberty interest in parole."  *Irons*, 2007 WL 20227359, at *5-6

12  (quoting *Biggs*, 334 F.3d at 916).  With that admonition in mind and accepting the facts alleged

13  as true, it appears that plaintiff's complaint states a claim for relief as to defendant Perez.[3]

14       However, this court is obliged *sua sponte* to examine the question of jurisdiction, should

15  any doubt arise.  *Augustine v. United States*,704 F.2d 1074, 1077 (9th cir. 1983).  Federal courts

16  are empowered to resolve only actual cases and controversies, i.e., "live issues."  U.S. Const.

17  Art. III, cl. 1.  A case must be dismissed as moot when the issues presented are no longer 'live' or

18  the parties lack a legally cognizable interest in the outcome.  *Powell v. McCormack*, 395 U.S.

19  486, 496  (1969).  This occurs when the parties have no dispute for which a federal court can

20  grant some sort of effective relief.  *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.

21  2001).  Ordinarily, "a defendant's voluntary cessation of a challenged practice does not deprive

22  a federal court of its power to determine the legality of the practice."  *City of Mesquite v.*

23  *Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).  This is so because defendants would be "free

24

25       [3]  Whether the claim will ultimately prevail is another question and the court takes no
    position at this time as to any other defenses, either technical or on the merits, that defendant
26  may later assert.

to return" to their old ways. *Id.*, at 289, n. 10.  However, a defendant's voluntary conduct could moot a case if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," so that further violations are so unlikely as to make injunctive relief unnecessary. *United States v. Concentrated Phosphate Export Ass'n.*, 393 U.S. 199, 203 (1968); *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000).  A court generally will make such a finding only if the defendant has satisfied its "heavy burden of persua[ding]" the court that he cannot reasonably be expected to engage in the challenged conduct again. *Concentrated Phosphat Export Assn.*, 339 U.S. at 203. The court should consider whether the cessation by its terms is not permanent and whether it would not moot an otherwise valid claim for injunctive relief. *See Friends of the Earth, Inc.*, 528 U.S. at 190.  If the court concludes the defending party reasonably can be expected to resume the activity sought to be enjoined once the litigation ceases, then the defendant's voluntary cessation does not moot the case. *See White*, 227 F.3d at 1243-1244.

Plaintiff's claim is that BPH panels repeatedly have relied on plaintiff's commitment offense and prior convictions to find plaintiff not suitable for parole.  He seeks an order enjoining future panels from basing a finding of unsuitability on these factors.  However, the panel which found plaintiff suitable for release in 2005, obviously, did not impermissibly rely on those factors.  It found him suitable for parole.  The likelihood that any future panel would rely solely on the commitment offense and prior convictions to find plaintiff not suitable is vanishingly small.  It is the temporal remoteness of those factors that diminishes their value, independent of any other basis for a finding of unsuitability, in predicting plaintiff's future behavior.  Thus, if in 2005 plaintiff's commitment offense and prior convictions did not render him unacceptably dangerous to society, then the passage of time continues to diminish whatever predictive value they may have had before 2005.  It therefore appears that in this instance, the voluntary cessation likely is permanent.  Accordingly, the court finds that plaintiff's claim against M. Perez is moot.

1    The court now turns to plaintiff's claim against defendant Schwarzenegger.  Plaintiff's

2    complaint alleges only that this defendant did *not* reverse the panels' decisions.  In California,

3    the governor *may* review a decision of the BPH, and upon such review *may* affirm, reverse or

4    modify it.  Cal. Pen. Code §§ 3041.1, 3041.2.  The operative complaint does not allege that the

5    Governor reviewed the decision and affirmed it, and did so based solely on plaintiff's

6    commitment offense and/or prior convictions.  Thus, plaintiff's complaint as currently plead fails

7    to state a claim against defendant Governor Schwarzenegger.

8    As noted in note two, above, plaintiff's opposition brief suggests that he may be able to

9    amend the complaint to cure this defect.  He asserts in his brief that in 2005, after filing the

10   initial complaint, a panel of the BPH found him suitable for release to parole, but the Governor

11   exercised his discretion to review the decision and reversed it based on plaintiff's commitment

12   offense and prior convictions.  Although the 2005 panel's finding of suitability demonstrates a

13   voluntary cessation of the practice or policy challenged here, plaintiff's challenge is not moot

14   with respect to defendant Schwarzenegger and plaintiff will be granted leave to amend as to this

15   defendant.  *See Lopez*, 203 F.3d at 1127-28.

16   Accordingly, it is hereby RECOMMENDED that:

17   1.  Defendants' November 6, 2006, motion to dismiss be granted as to both defendants,

18   with leave to amend as to defendant Schwarzenegger; and

19   2.  Plaintiff be given 30 days to file an amended complaint and be warned that failure to

20   do so will result in a recommendation that this action be dismissed.

21   These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

23   being served with these findings and recommendations, any party may file written objections

24   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

25   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

26   ////

1    specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2    F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  August 28, 2007.

4                                                     _____

5                                                     EDMUND F. BRENNAN
                                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26